IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEREK MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00143-SMY |
| | ) |
| RANDOLPH COUNTY SHERIFF'S DEPT., | ) |
| MIKE HOELSCHER, | ) |
| JASON JUENGER, and | ) |
| ALAN YOUNG, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Derek Miller is an inmate currently housed in Big Muddy River Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to alleged physical and verbal abuse during his arrest and subsequent imprisonment in the Randolph County Jail.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.

## The Complaint

The succinct complaint alleges that Officer Jason Juenger, who is supervised by Sheriff Hoelscher and Chief Deputy Young, verbally and physically assaulted Plaintiff during the course of his arrest, and during the time he was housed at the Randolph County Jail. Plaintiff states that he suffered "pain and humiliation." It is also asserted that the defendants retaliated against Plaintiff after he filed grievances regarding his treatment. The phrases "cruel and unusual punishment" and negligence" are included in the narrative, and Plaintiff cites the Eighth Amendment and Illinois constitution. Attached to the complaint are a number of grievances, along with a copy of the Jail rules.

The compliant is fatally flawed because it does not seek any relief whatsoever. Accordingly, the complaint must be dismissed. Dismissal shall be without prejudice and Plaintiff will be given a brief period of time to file an amended complaint, if he so chooses.

Although the Court will not analyze the merits of Plaintiff's allegations, in the event that Plaintiff wants to file an amended complaint, he should keep the following principles in mind.

Because Plaintiff was an arrestee and pretrial detainee in the Randolph County Jail, the sort of claims Plaintiff is alleging arise under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). Although the same legal standards generally apply under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners), without differentiation. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Negligence is insufficient for constitutional liability. *See generally Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007). Similarly, the violation of the Jail's internal rules, alone, does not violate the constitution and is, therefore, not actionable under Section 1983. The violation of the Illinois constitution, alone, is not actionable under Section 1983, although supplemental state law claims may be included in a complaint, pursuant to 28 U.S.C. § 1367.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). "Supervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). With respect to systemic rather than individual constitutional violations, a unit of local government, like a Sheriff's Department, by and through the Sheriff in his official capacity, may be liable for official policies

and customs. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514–15 (7th Cir. 2007).

In any event, the complaint should plead "enough facts to state a claim to relief that is plausible on its face"—who did what to whom. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Relief must also be requested, such as compensatory or punitive damages.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint (Doc. 1) is **DISMISSED without prejudice**, and with leave to amend. On or before **March 31, 2015**, Plaintiff shall file an amended complaint. Failure to file an amended complaint by the prescribed deadline will result in the dismissal of this case *with* prejudice, and Plaintiff will be assessed a strike for purposes of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 4, 2015**

s/ STACI M. YANDLE
**United States District Judge**
