IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEREK MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00143-SMY |
| ) | |
| RANDOLPH COUNTY SHERIFF'S DEPT., ) | |
| MIKE HOELSCHER, ) | |
| JASON JUENGER, and ) | |
| ALAN YOUNG, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Derek Miller is an inmate currently housed at Big Muddy River Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to alleged physical and verbal harassment, and retaliation for filing grievances during his imprisonment in the Randolph County Jail.

The original complaint (Doc. 1) was dismissed without prejudice (Doc. 7). Miller's amended complaint (Doc. 8) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d

1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.

## The Amended Complaint

The succinct amended complaint broadly alleges that Officer Jason Juenger, who is supervised by Sheriff Hoelscher and Chief Deputy Young, verbally and physically assaulted Plaintiff during the time he was housed at the Randolph County Jail in 2014.  It is further alleged that grievances regarding Juenger's actions went unanswered by Chief Deputy Young.  Plaintiff asserts that Sheriff Hoelscher "had to have been aware and failed to act or protect the plaintiff" (Doc. 8, p. 8).  It is also broadly alleged that "named defendants retaliated such displeasure of these grievances" [sic] (Doc. 8, p. 9).

The amended complaint references Plaintiff's administrative grievances, which are among the documents appended to the pleading.  The grievances, Miller's affidavit and other documentation attached to the amended complaint are considered part of the amended complaint.  Those documents flesh-out Plaintiff's broad allegations.

It is alleged that Officer Juenger began an escalating course of harassment, first by denying Plaintiff little things, like his Bible; then Juenger started verbally harassing Miller by calling him names such as "fagot," "bitch," "fat ass" and "piece of shit."  Juenger then began physically harassing Plaintiff by pushing him and then punching him—hard enough to cause breathing difficulty and pain.  Juenger also threatened to knock all of Plaintiff's teeth out.  According to Plaintiff , Juenger also labeled Plaintiff as a "black boss" so that Plaintiff would be disciplined.  It is also alleged that Juenger withheld  two meals from Plaintiff.

After Plaintiff filed grievances, Officer Juenger *and* Deputy Sheriff confiscated Plaintiff's property from his cell and sent him to segregation without cause, and they refused to give him more "grievances," which the Court takes to mean Plaintiff was denied more grievance forms. At the conclusion of Plaintiff's time at the Jail, Juenger and Young celled him with another inmate in a single-man cell, causing Plaintiff to have to sleep on the floor.

Plaintiff seeks monetary compensation, as well as a wide variety of equitable relief, including but not limited to the firing of Juenger, the suspension of Young without pay, and the promotion of another correctional officer who is not a party to the case.

Based on the allegations in the amended complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1: Defendants Juenger and Young, individually or in conspiracy, harassed and physically assaulted Plaintiff in violation of the Fourteenth Amendment;**
>
> **Count 2: Defendants Juenger and Young, individually or in conspiracy, retaliated against Plaintiff for filing grievances, in violation of the First Amendment; and**
>
> **Count 3: Defendant Hoelscher failed to intervene or properly supervise Juenger, Young and other Jail staff, thereby allowing Plaintiff's constitutional rights to be violated, all in violation of the Fourteenth Amendment.**

<u>Discussion</u>

*Randolph County Sheriff's Department*

As a preliminary matter, the Court notes that the Randolph County Sheriff's Department is listed in the caption of the complaint and the Clerk of Court has identified the Sheriff's

Department as a defendant to this action. Upon close inspection of the amended complaint, it is clear that the Sheriff's Department is not an intended defendant (*see* Doc. 8, pp. 1-2). Rather, the reference to the Department is merely part of Sheriff Hoelscher's title. The Clerk will be directed to correct the record to accurately reflect that the Randolph County Sheriff's Department is not a defendant to this action.

*Counts 1 & 2*

Given Plaintiff's *pro se* status and Federal Rule of Civil Procedure 8's liberal notice pleading standard, Counts 1 and 2 state colorable constitutional claims.

Because Plaintiff was an arrestee and pretrial detainee in the Randolph County Jail, the sort of claims Plaintiff is alleging arise under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). Nevertheless, the same legal standards generally apply under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners), without differentiation. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Many of the things Juenger (in particular) and Young are alleged to have done would not, standing alone, violate the constitution. However, the Eighth Amendment protects against "calculated harassment unrelated to prison needs." *See Hudson v. Palmer,* 468 U.S. 517, 530, (1984); *Davis v. Wessel*, 792 F.3d 793, 805 (7th Cir. 2015; *Calhoun v. De Tella*, 319 F3d. 936, 939 (7th Cir. 2003). Therefore, Count 1 shall proceed.

Relative to Count 2, "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist,* 833 F.2d 639, 644 (7th Cir. 1987); *see also Zimmerman*

*v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000). The filing of an administrative grievance is protected activity. *See Hasan v. U.S. Dep't of Labor,* 400 F.3d 1001, 1005 (7th Cir. 2005). To prevail on a First Amendment retaliation claim, Plaintiff must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006)). The amended complaint and supporting documents paint a picture sufficient to satisfy the *Twombly* pleading standard. Consequently, Count 2 shall also proceed.

Insofar as the amended complaint includes a characterization of Juenger and Young's actions as constituting negligence, no such claim has been recognized and may be considered dismissed. Negligence is insufficient for constitutional liability. *See generally Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007).

*Count 3*

Count 3 is premised upon the general allegation that Sheriff MikeHoelscher failed to intervene or properly supervise Juenger, Young and other Jail staff, thereby allowing Plaintiff's constitutional rights to be violated. This claim must be dismissed.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State*

*Police*, 251 F.3d 612, 651 (7th Cir. 2001)). "Supervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

The amended complaint states that Sheriff Hoelscher "had to have been aware and failed to act or protect the plaintiff" (Doc. 8, p. 8). This is pure conjecture and insufficient to satisfy the *Twombly* pleading standard. In essence, Plaintiff is attempting to hold the Sheriff liable merely because he is the chief operating officer of the Jail, not because of any actual involvement in, or knowledge of what was occurring to Plaintiff. The documents submitted in support of the amended compliant show only that Hoelscher received notification of an unanswered FOIA request for documents regarding Officer Juenger (Doc. 8, p. 27), which does not suggest the required knowledge for Hoelscher to face liability. Out of an abundance of caution, Count 3 and Sheriff Mike Hoelscher will be dismissed without prejudice.

## Motion for Counsel

Plaintiff Miller seeks counsel (Doc. 3; *see also* Doc. 8, pp. 29-33). He contends that he does not have the education or knowledge of the law to proceed *pro se*. He also submits multiple rejection letters from attorneys who have declined to represent him in this action.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

As the Supreme Court has noted, as members of the legal profession and as officers of the court, lawyers have an ethical obligation to indigent litigants seeking justice. See *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). In accordance with *Pruitt* and Local Rule 83.1, members of the district court bar have a duty to accept *pro bono* assignments.

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Although Plaintiff has fashioned a viable amended complaint, it is apparent that the assignment of counsel is warranted. The Court surmises that Plaintiff has had assistance in drafting the amended complaint—the handwriting and writing style of the amended complaint and the attached affidavit and grievances is nothing alike. Furthermore, now that Plaintiff is no longer housed at the Randolph County Jail, but instead at Big Muddy River Correctional Center, it will be quite difficult for him to proceed without assistance. The fact that the Attorney General had to intervene to prompt the Jail to respond to Plaintiff's FOIA request illustrates that it is not easy to get information and documentation from the Jail. Plaintiff has demonstrated that

he has been unable to secure representation on his own, so the Court will recruit counsel on his behalf.

### Disposition

The Clerk of Court is **DIRECTED** to **TERMINATE** the **RANDOLPH COUNTY SHERIFF'S DEPARTMENT** as a defendant to this action.

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 3** and Defendant **MIKE HOELSCHER** are both **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** against Defendants **JASON JUENGER and ALAN YOUNG** shall **PROCEED**. Consequently, Plaintiff's motions for status (Docs. 10, 11) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 3) is **GRANTED**; attorney **ALPHONSE J. PRANAITIS JR.,** of Hoagland, Fitzgerald, is **ASSIGNED** to represent Plaintiff Derek Miller in this civil rights case. Attorney Pranaitis is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel and Plaintiff are free to enter into a separate fee agreement.

On or before **October 16, 2015**, assigned counsel shall enter his appearance in this case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file. Although the amended complaint has passed preliminary review, counsel is free to amend the pleading.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Doc. 8 to attorney Pranaitis. The electronic case file is available through the CM-ECF system.

Plaintiff Miller is **ADVISED** that the Court will not accept any filings from him individually while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation.  If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses.  The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.  The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  Counsel also may apply by motion for exemption from PACER fees for this case.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 5) is **GRANTED**, in that the Clerk of Court shall prepare for Defendants **JASON JUENGER and ALAN YOUNG**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.     If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days

from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 23, 2015**

s/ STACI M. YANDLE
**United States District Judge**